FILED
ROCK ISLAND, IL

2004 MAR 16 A 9:01

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| DIRECTV, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOM LOUSSAERT, KAREN MUETZEL and THERESA FRAZER,<br><br>Defendants. | CASE NO. 3:03-CV-60053<br><br>STIPULATION FOR PERMANENT INJUNCTION |

It is hereby stipulated by and among the parties that the following Permanent Injunction be entered by the Court without further notice or process:

1. Defendant Karen Muetzel (the "Defendant"), and any persons or entities controlled directly or indirectly by her, are hereby permanently enjoined and restrained from:

    (a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

    (b) designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

    (c) advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to

47

        receive such programming, and advertising or providing information or technical services in support thereof; or

   (d)    reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for the DIRECTV satellite system.

2.    This Permanent Injunction shall apply to the Defendant's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

3.    The Defendant, and any persons or entities controlled directly or indirectly by her, are hereby permanently enjoined and restrained from:

   (a)    investing or holding any financial interest in any enterprise which the Defendant knows is now, or planning in the future, to engage in any of the activities prohibited by this Permanent Injunction; or

   (b)    knowingly allowing any persons or entities which she controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

4.    In the event that the Defendant becomes aware that an enterprise in which she has invested or holds any financial interest is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agrees to immediately divest herself of any such investment or financial interest and to promptly notify DIRECTV of the same.

5.    The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction. The Defendant specifically consents to personal jurisdiction and venue in the United States District Court, for the Southern District of Iowa.

6. Upon proof of any violations by the Defendant of the provisions of this Permanent Injunction, the Court shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.

DATED: ~~~~ March 15, 2004.

_____
Magistrate Judge, United States District Court
Southern District of Iowa

Presented by:

_____
Scott L. Long

BROWN, WINICK, GRAVES, GROSS,
 BASKERVILLE & SCHOENEBAUM,
 P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309

John Jamnback
YARMUTH WILSDON CALFO PLLC
P.O. Box 1110
Seattle, WA 98111-1110

**ATTORNEYS FOR PLAINTIFF**

DEFENDANT

_____
Karen Muetzel
722 - 8th Avenue South
Clinton, IA 52732

3

## VERIFICATION BY DEFENDANT

STATE OF IOWA            )
                         )
COUNTY OF Clinton        )

I, **Karen Muetzel**, being first duly sworn, on oath, depose and say that I am the Defendant herein, have read the foregoing Stipulation and Permanent Injunction, understand the terms thereof and, after the opportunity to consult with legal counsel, do freely consent to the entry of the same by this Court.

_____
KAREN MUETZEL

SUBSCRIBED AND SWORN TO before me this __9__ day of __March__, 2004.

_____
Name: Karen M. Petersen
NOTARY PUBLIC in and for the State of
__Iowa__                residing at:
__1900 No. 3rd St.__

My Commission Expires: June 10, 2006

Copies to:

Ms. Karen Muetzel
722 - 8th Avenue South
Clinton, IA 52732

DEFENDANT

G. David Binegar, Esq.
1503 Brady Street
Davenport, IA 52809

ATTORNEY FOR THERESA FRAZER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at such attorney's address as disclosed by the pleadings of record herein on the __12th__ day of __March__, 2004.

By:  ☒ U.S. Mail           ☐ Facsimile
     ☐ Hand Delivered      ☐ Overnight Courier
     ☐ Federal Express     ☐ Other

Signature _____

4